IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

TRACEY A. TOLES,

    Plaintiff,

vs.

CITY OF CEDAR FALLS
and JOEL OLTROGGE,

    Defendants.

No. C05-2061

**ORDER**

SUMMARY JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF MATERIAL FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CONCLUSIONS OF LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    Substantive Due Process - Individual Liability . . . . . . . . . . . . . . . . . . . 5
    Fourth Amendment - Individual Liability . . . . . . . . . . . . . . . . . . . . . . 5
    Qualified Immunity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

This matter comes before the court pursuant to Defendants' August 18, 2006 motion for summary judgment (docket number 12). The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The plaintiff, Tracey A. Toles, has brought claims against defendants City of Cedar Falls and Joel Oltrogge arising from a disturbance at a football game at Holmes Junior High School in Cedar Falls. At the time of the disturbance, Officer Oltrogge was a police officer with the City of Cedar Falls. Specifically, the plaintiff seeks damages based on several constitutional theories. The plaintiff's complaint seeks recovery of past and future pain, suffering, mental anguish, medical expenses, lost income, and punitive damages. Defendants have moved for summary judgment on all of plaintiff's claims, arguing that the

1

undisputed facts, taken in a light most favorable to the plaintiff, demonstrate that the defendants are entitled to judgment in their favor. Defendant Oltrogge's motion for summary judgment is denied. Defendant City of Cedar Falls's motion for summary judgment is granted.

## SUMMARY JUDGMENT

A motion for summary judgment may be granted only if, after examining all of the evidence in the light most favorable to the nonmoving party, the court finds that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. Kegel v. Runnels, 793 F.2d 924, 926 (8th Cir. 1986). Once the movant has properly supported its motion, the nonmovant "may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "To preclude the entry of summary judgment, the nonmovant must show that, on an element essential to [its] case and on which [it] will bear the burden of proof at trial, there are genuine issues of material fact." Noll v. Petrovsky, 828 F.2d 461, 462 (8th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Although "direct proof is not required to create a jury question, . . . to avoid summary judgment, 'the facts and circumstances relied upon must attain the dignity of substantial evidence and must not be such as merely to create a suspicion.'" Metge v. Baehler, 762 F.2d 621, 625 (8th Cir. 1985) (quoting Impro Prod., Inc. v. Herrick, 715 F.2d 1267, 1272 (8th Cir. 1983)). In applying these standards, the court must give the nonmoving party the benefit of all reasonable inferences to be drawn from the evidence. Krause v. Perryman, 827 F.2d 346, 350 (8th Cir. 1987).

# STATEMENT OF MATERIAL FACTS[1]

Tracey A. Toles attended a football game to watch her nephew, Nicholas Toles, play. She left the game due to bad officiating, and because she did not find the game interesting. After leaving the game, she received a call from her daughter, Danaila Toles, and learned that there was a disturbance on the football field involving players, students, and certain spectators. Ms. Tracey Toles returned to the field to locate her son and make sure he was safe. When police officers arrived at the scene, they began arresting and detaining various persons. At least one of those officers was not dressed in official uniform. Officer Yant was dressed in civilian clothing wearing a red shirt.

One of the people being arrested was Termaine Toles, Danaila's cousin, who was holding onto Danaila at the time of his arrest. Danaila Toles was not interfering with the arrest of Termaine Toles, but the officers misinterpreted the scenario and she was arrested. During Danaila's arrest, Officer Balder, the arresting officer, took Danaila to the ground. As Ms. Tracey Toles came around a van, she saw Officer Balder taking her daughter down, putting her face into the ground, and putting his knees in her back, causing her to vomit. At that time, Ms. Tracey Toles was not in close proximity to her daughter, and could not have physically reached or touched either the officer or her daughter at that time. Ms. Tracey Toles then began to say "Huh-uh. You can't do that. What were you doing? Huh-uh."

Then Officer Oltrogge approached Ms. Tracey Toles in or near the parking lot from an angle which she could not see him and grabbed her right thumb. Ms. Tracey Toles informed Officer Oltrogge that she was in pain and needed to be let go. Officer Oltrogge then proceeded to tighten his grip and pull her arm behind her back, telling Ms. Tracey Toles to "shut up or else I'll take you to jail." Ms. Tracey Toles continued to complain of pain. Officer Oltrogge again told her to "shut up."

---

[1] Where facts are in dispute, the version of the facts is taken in the light most favorable to the plaintiff.

Officer Oltrogge used this force against Ms. Tracey Toles even after she left the football field. At the time Officer Oltrogge used this force, there was no immediate threat or safety risk to Officer Balder. Officer Balder was never injured or harmed.

Officer Oltrogge's use of force met no resistance by Ms. Tracey Toles and she immediately complied with his directions. Mr. Tracey Toles was ultimately released and had considerable pain and swelling in her thumb. She asked several Cedar Falls police officers to move their vehicles so that she could get her blocked car out in order to go to the hospital for treatment. The officers ignored her request. After numerous requests regarding her need for medical attention, Tracey was finally directed to an ambulance, and she was taken to Allen Memorial Hospital.

According to her surgeon, the injury Ms. Tracey Toles sustained is consistent with the manner in which she described Officer Oltrogge's use of force upon her. On a scale of one to ten, with one being a mild fracture and ten being a severe fracture, Dr. Delbridge rated her fracture between a seven and an eight. Officer Oltrogge never actually arrested Ms. Tracey Toles, or even recommended that she be arrested or charged.

## CONCLUSIONS OF LAW

### 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivations was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Officer Oltrogge violated both her substantive due process rights and her Fourth Amendment right to be free from unreasonable seizures and that he used excessive force with the intent to inflict unnecessary harm upon Ms. Tracey Toles, causing her physical and mental injuries.

## Substantive Due Process - Individual Liability

Defendants argue that summary judgment is warranted on the plaintiff's substantive due process claim as the undisputed facts demonstrate that Oltrogge's use of excessive force was reasonable in a riot situation to prevent Ms. Tracey Toles from interfering with the arrest of her daughter. Plaintiff argues that summary judgment is inappropriate as a jury could find that Oltrogge's use of excessive force in light of the circumstances was sufficiently egregious to establish liability under 42 U.S.C. § 1983.

A substantive due process analysis is not appropriate in this case because the plaintiff has alleged that the defendants' actions violated her Fourth and Fourteenth Amendment rights. See Graham v. Connor, 490 U.S. 386 (1989) ("Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process' must be the guide for analyzing these claims."); County of Sacramento v. Lewis, 523 U.S. 833, 844 (1998) (noting the requirement of Graham that "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process").

## Fourth Amendment - Individual Liability

Plaintiff and Defendant Joel Oltrogge have both stipulated to dismiss the City of Cedar Falls from this action. Therefore, the only issue remaining is whether Officer Oltrogge is individually liable for violating plaintiff's Fourth Amendment rights. Summary judgment cannot be entered for defendant Oltrogge if the undisputed facts show that his use of force was excessive and unreasonable under the circumstances, as plaintiff claims.

A reasonableness analysis for Fourth Amendment Purposes requires a careful balancing of the nature and quality of the intrusion on the plaintiffs' Fourth Amendment rights against the countervailing government interests at stake. Graham, 490 U.S. at 396. "The 'reasonableness' of a particular use of force must be judged from the perspective of

a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments -- in circumstances that are tense, uncertain, and rapidly evolving -- about the amount of force that is necessary in a particular situation." Id. at 396-97. Ultimately, the question is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id.

Taking the facts as plaintiff alleges them, defendant's actions were objectively unreasonable. Plaintiff claims she did not resist detention in any way. Defendant Oltrogge's motion for summary judgment on plaintiff's Fourth Amendment claim is denied.

## Qualified Immunity

Defendants argue that Officer Oltrogge is entitled to qualified immunity. Plaintiff resists, arguing that Officer Oltrogge's excessive force against a non-combative subject were contrary to clearly established law and unreasonable when examined objectively.

"Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" Saucier v. Katz, 533 U.S. 194, 200 (2001) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). It is not a defense to liability. Id. In resolving qualified immunity issues, the threshold inquiry is whether the facts as alleged and taken in the light most favorable to the party asserting the injury show that the officer's conduct violated a constitutional right? Id. "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." Id. at 201. If a constitutional violation could be made out, however, the second inquiry is whether the constitutional right was clearly established. Id. The "clearly established" question is a particularized inquiry, meaning that the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). "The relevant,

6

dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202. Summary judgment based upon qualified immunity is proper "[i]f the law did not put the officer on notice that his conduct would be clearly unlawful." Id.

As set forth above, plaintiff claims that Officer Oltrogge's actions were clearly excessive and unreasonable in light of the circumstances. Taking the facts as alleged by plaintiff, no force would have been reasonably necessary and the police would have violated clearly established law by fracturing plaintiff's thumb. The factual disputes that prevent summary judgment on the excessive force claim also preclude summary judgment on the issue of qualified immunity.

Upon the foregoing,

IT IS ORDERED that Defendant Oltrogge's motion for summary judgment is denied. Defendant City of Cedar Falls's motion for summary judgment is hereby granted.

November 13, 2006.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT